CARTER, Judge.
This is an appeal from a trial court judgment, sustaining the defendant’s dilatory exception raising the objection of lack of procedural capacity or improper party plaintiff and the declinatory exception raising the objection of lis pendens. The judgment also denied defendant’s motion for summary judgment.
FACTS
Plaintiff, Peck & Vantine, a domestic partnership engaged in business as a public accounting firm, brought suit against Alfred Roy Hebert, a former partner in the firm, to recover certain sums of money allegedly owed by Hebert to Peck & Van-tine and to have certain movable property declared the property of the partnership.
In response, defendant filed a number of exceptions and a motion for summary judgment. After hearing, the trial judge sustained the dilatory exception raising the objection of lack of procedural capacity (improper party plaintiff) and the declinatory exception raising the objection of lis pen-dens. The trial judge pretermitted those exceptions not ruled on in his judgment.
Plaintiff appealed, specifying the following errors:
1. The trial court erred in failing to find that a partnership has the right to sue in its own name.
2. The trial court erred by sustaining the dilatory exception of lack of procedural capacity or improper party plaintiff without supporting evidence.
3. The trial court erred in failing to give plaintiff the opportunity to amend its petition in order to clarify the status of plaintiff.
4. The trial court erred in sustaining the declinatory exception of lis pendens in the absence of any evidence concerning a different suit.
We have reviewed the record and the applicable law and conclude that the trial court erred in sustaining the dilatory exception raising the objection of lack of pro *59 cedural capacity or improper party plaintiff and the declinatory exception raising the objection of lis pendens. We reverse and remand for further proceedings consistent with the views expressed in this opinion.
In a discussion of the issues, we will treat the first three specified errors under Issue I, Partnership, and the last specified error under Issue II, Lis Pendens.
ISSUE I—PARTNERSHIP
The petition alleges that the plaintiff is a partnership engaged in business as a public accounting firm and that defendant Hebert was a former member of the partnership. The petition further alleges that the defendant owes certain obligations to the partnership. On the issue of partnership, defendant excepted to the procedural capacity of Peck & Vantine, asserting that a member of the partnership, Glen A. Peck, filed for and obtained an order for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. 701 et seq., and that plaintiff is no longer in a position to institute this action.
At the hearing on the exceptions, the record reflects only that the matter was argued and submitted to the trial court. There is no record of any evidence having been presented at the hearing; although the judgment refers to memoranda of counsel, no such memoranda are in the record. Attached to the exceptions filed by the defendant is a copy of an order, dated October 5, 1987, of the United States. Bankruptcy Court, Middle District of Louisiana, Baton Rouge, Louisiana, in Case Number 87-01585-BKC-WWS, In Re: Glen A. Peck. In connection with the motion for summary judgment, defendant attached an affidavit of Alfred Roy Hebert. Plaintiffs opposition to the motion attaches an affidavit of Bruce A. Vantine and certain loan documents. There is also an answer to interrogatories filed by counsel for plaintiff.
The record viewed as a whole reveals that the partnership instituted this action against a former partner for an accounting and recovery on obligations and indebtedness allegedly owed by defendant to the partnership.
The partnership is a juridical person. LSA-C.C. art. 2801. It is distinct from its members. It continues until certain things occur. When a partner is granted an order for relief under Chapter 7 of the Bankruptcy Code, he ceases to become a member of the partnership, but the partnership is not terminated. See LSA-C.C. art. 2818 and comments thereunder. The partnership as an entity continues. The partnership is terminated only for the causes set forth in LSA-C.C. art. 2826. None of these causes has been established in the case sub judice. Hence, the partnership of Peck & Vantine has not been terminated.[1]
The fact that a partnership is an entity distinct from the individual partners has long been recognized in Louisiana jurisprudence. Cf. Smith v. McMicken, 3 La.Ann. 319, 321-322 (1848). The entity concept is expressly provided for by Article 2801 of the Civil Code, which sets forth that a partnership is a juridical person, distinct from its partners. See Schroeder, Louisiana’s New Partnership Provisions: A Review of the Changes and Some Continuing Problem Areas, 42 La.L.Rev. 1429, 1433 (1982).
As stated in the comments under Article 2801, a partnership has the right to sue in its own behalf. See Comment (e); LSA-C.C. art. 688. It is the partnership which must sue to protect partnership rights and interests and not the. individual members of the partnership.
On this issue, defendant contends:
What is critical is the undisputed fact that Peck filed a petition for bankruptcy relief on September 23, 1987, and by operation of law, Article 2818, Civil Code, Peck thereby ceased being a member of the partnership. Peck’s filing of the petition instantly created a bankruptcy es *60 tate which included all of Peck's legal or equitable share of the packet of rights and obligations flowing from the Event, including specifically Peck’s share of the cause of action asserted in the instant case. Thus the property interest of Peck in this cause of action as of September 23, 1987 became in custodia legis of the Bankruptcy Court exclusively. The trustee of Peck's estate was and is the only and exclusive proper party to assert Peck’s interest in the cause of action. 11 U.S.C. 323.
We disagree. The proper party to assert the rights of the partnership is the partnership, as set out above. The trustee has proper recourse to assert any claims of the debtor (bankrupt) whenever and wherever he desires. See 11 U.S.C. 323, 362, 541, 701 et seq. That recourse does not affect the right of a partnership to which a bankrupt member formerly belonged to continue to assert partnership rights. We have been referred to no provision of law that requires a state court to disregard the juridical persona of the partnership just because a partner seeks bankruptcy relief. In such a situation, the bankrupt partner ceases to be a member, but the bankruptcy trustee does not become a member of the partnership. The trustee is in the position of the bankrupt partner to the extent that he has a claim against the partnership for the bankrupt partner’s interest in the partnership. The trustee is not a proper party to assert a claim for the partnership against a third party, such as a former partner. There is no merit in defendant’s contention that “the partnership was not the proper party to assert Peck’s interest, and the proper party to assert Vantine’s interest is Vantine.”
The present action is not an action to assert the individual interest of Peck or of Vantine. It is an action asserting rights and interests of the partnership, not the rights and interests of any individual members. The proper party plaintiff is the partnership. The court below erred in holding otherwise.
ISSUE II — LIS PENDENS
On this question, defendant contends that a prior suit entitled “Alfred Roy Hebert, et al v. Bruce A. Vantine,” number 331,104 on the docket of the Nineteenth Judicial District Court, constitutes lis pen-dens for the present action. The prime requisite of lis pendens, as provided in LSA-C.C.P. art. 531,[2] is “the same cause of action, between the same parties in the same capacities, and having the same object.”
The present suit is between the partnership, Peck & Vantine, and a former partner, Alfred Roy Hebert. The partnership is not a party to the suit entitled “Alfred Roy Hebert, et al v. Bruce A. Vantine,” number 331,104 on the docket of the Nineteenth Judicial District Court.
Defendant’s argument on the “same parties” question is that in suit 331,104, the parties are Hebert, as plaintiff, and Van-tine, as defendant, and, that because Peck’s interest was within the exclusive jurisdiction of the Bankruptcy Court, Hebert was unable in the suit he filed to name Peck or Peck & Vantine as defendants. Thus, Hebert claims that in effect the two suits involve the same parties. There is no merit to this argument. The same parties are not involved in the two lawsuits. Peck and Vantine, as individuals, are not the same as the partnership, Peck & Vantine.
CONCLUSION
For the foregoing reasons, we find that the trial court erred in sustaining the exceptions in this matter. We reverse and remand to the trial court for further proceedings consistent with this opinion. The costs of this appeal are cast against defendant, Albert Ray Hebert. All other costs are to await final judgment on the merits.
REVERSED AND REMANDED.

. Upon the termination of Peck’s membership, there remained more than one partner in the partnership, namely Vantine and Mark Shirley.

. The 1990 amendment is not applicable to the instant case, since this suit was filed in 1988. In any event, the amendment does not change the requirement of the same parties in the same capacities.”